# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### EL PASO DIVISION

| | | |
|---|---|---|
| **MARTIN LORENZO GOLPHIN,** | § | |
| **TDCJ # 1295339,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **EP-08-CV-236-KC** |
| | § | |
| **RICK THALER,[1]** | § | |
| **Director, Texas Department of Criminal** | § | |
| **Justice, Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Martin Lorenzo Golphin's petition for a writ of habeas corpus by a person in state custody brought pursuant to 28 U.S.C. § 2254.[2] Therein, Golphin seeks relief from his aggravated assault conviction.[3] In his answer, Respondent argues Golphin has failed "to demonstrate that he is entitled to such relief."[4] After carefully examining the

---

[1]  An application for a writ of habeas corpus must "allege . . . the name of the person who has custody over him." 38 U.S.C. § 2242. Golphin originally named Warden Garrett Waterman as the Respondent. However, the proper Respondent in this matter is Rick Thaler, Director, Texas Department of Criminal Justice, Correctional Institutions Division. Director Thaler is responsible for overseeing the operations of the Texas correctional system, maintaining conviction records, calculating sentences, and issuing discharge certificates. Accordingly, the Court substitutes Thaler for Waterman. *See* Fed. R. Civ. P. 25(d) (permitting a court to order the substitution of public officers at any time).

[2]  Pet. [Docket No. 6-6].

[3]  *State v. Golphin*, No. 20050D00176 (120th Dist. Ct., El Paso County, Tex. Feb. 23, 2005); *Golphin v. State*, No. 08-05-00092-CR, 2006 WL 3234098 (Tex. App.-El Paso 2006, pet. ref'd).

[4]  Answer with Br. in Supp. 1 [Docket No. 15].

record and for the reasons set forth herein, the Court will deny Golphin's petition. Additionally, the Court will *sua sponte* deny Golphin a certificate of appealability.

## BACKGROUND AND PROCEDURAL HISTORY

Early on the morning of April 27, 2004, Norma Salas looked through the window of her parent's El Paso, Texas home and saw Golphin's white Ford F-350 flatbed truck parked outside. Salas recognized the vehicle because she had recently ended a relationship with Golphin. Salas, who was four months pregnant at the time, had told Golphin the unborn child was his because she feared he would harm her if he learned that it was not his. When Salas's father joined her at the window, Golphin drove away.

At about noon that same day, Salas heard a car horn, looked outside, and saw Golphin's truck again. Concerned about her safety, Salas went to her parent's bedroom and tried to wake her mother. When her mother did not respond because she had taken medications to sleep, Salas took the telephone from the room. Upon leaving her parent's bedroom, she saw Golphin standing in the living room. Golphin searched under Salas's clothing, slapped her in the face, dragged her outside by the hair, and searched her again. Golphin was apparently looking for evidence that Salas had been with another man. When Golphin got into his truck and started to depart, Salas called 911 and gave the operator the truck's license plate number, 9PYW23. Golphin saw Salas make the call, got out of his truck, grabbed the phone, broke it, and slapped Salas in the face again. Golphin returned to his truck, got in, put the transmission in drive, and accelerated the vehicle toward Salas. Golphin barely missed Salas with the truck and ran it into her father's blue Nissan car. Golphin then drove away and Salas called the police from a neighbor's house.

An El Paso grand jury returned a two-count indictment against Golphin for aggravated assault with a deadly weapon, a motor vehicle, and burglary of a habitation by entering and committing an assault therein. The indictment further alleged Golphin had, for punishment enhancement purposes, prior felony convictions for burglary of a habitation, burglary, burglary of a vehicle, and attempted burglary. Golphin pleaded not guilty and proceeded to trial.

At trial, Salas described the events of April 27, 2004. She also detailed how Golphin assaulted her with the truck.

> Q. (BY MR. PRASHER) Now, I wanted you to explain to the ladies and gentlemen of the jury how the defendant tried to hit you with that - - with that truck.
> A. [Salas] He tried to run over me. He tried to hit me with the - - with the truck.
> Q. What actually happened?
> . . . .
> A. Well, he tried to hit me, but I moved out of the way, and he hit my dad's car.
> Q. Okay. How - - was the defendant going real slow or was he going - -
> A. Very fast.
> . . . .
> Q. How close did the defendant come to striking you, do you think?
> . . . .
> A. He barely missed me.[5]

El Paso Police Department Officer Robert Concha testified that he was dispatched to Salas's residence. He arrived to find Salas crying hysterically. Officer Concha investigated the scene and determined that there was fresh damage to a blue Nissan car parked outside the home. He viewed the damage to the car and the tire marks on the ground. He concluded the evidence was consistent with another vehicle striking the car at full force. Officer Concha also testified

---

[5] Trial Tr., vol. 4, pp. 50-52.

that Salas's face had a red discoloration consistent with her having been slapped. The officer added that if Golphin's truck had hit Salas, it could have caused serious bodily injury or death.

Officer Leonard Harris, Jr., a police officer with the criminalistics section of the El Paso Police Department, stated that on April 27, 2004, he was called out to view a white truck and a blue car. He took a photograph of a white Ford F-350 flatbed truck with license plate number 9PYW23. He concluded the truck had been in a collision; there was damage to the lower front bumper. Officer Harris testified that he also took a sampling of blue paint transferred to the truck's bumper.

In his closing, Golphin's attorney attacked Salas's credibility. "[W]hat it all comes down to is whether or not you believe Norma Salas."[6] He went on to claim that he had broken Salas down during his cross-examination and had exposed the inconsistencies in her testimony.

> They don't want you to look at the fact, that in front of this jury, she did terrible. She testified, you know, terribly. Why? Because she came out in direct with the prosecutor, gave a ten-minute version . . . I did my job. I broke her down. . . . That's when inconsistency - - inconsistencies started coming up.[7]

After hearing the evidence, the charge, and the arguments of counsel, the jury found Golphin guilty of aggravated assault with a deadly weapon, but not guilty of burglary of a habitation. The jury also found that Golphin had not used or exhibited a deadly weapon. The court assessed punishment at thirty-five years' imprisonment on the aggravated assault charge. Golphin appealed to the Eighth Court of Appeals in El Paso.

---

[6]     *Id.* at vol 5, p. 34.

[7]     *Id.* at 43.

In issues one through three in his appeal, Golphin asserted that the evidence was legally and factually insufficient to support the aggravated assault with a deadly weapon conviction. Golphin reasoned the jury's finding that he did not use or exhibit a deadly weapon negated an element of the aggravated assault offense. After first observing inconsistent verdicts did not necessarily require reversal for insufficiency, the Eighth Court of Appeals found the evidence in this case was sufficient to support the conviction.

> In this case, the evidence revealed a series of criminal events occurred from the time of Appellant's entry into the house until he fled the scene. Salas was searched, slapped, and dragged outside the house. There she was slapped again and her phone was grabbed and broken. Appellant proceeded to get back into his truck and accelerated his truck towards Salas. She ran out of the way and Appellant collided with another car. Salas testified that she was in fear for her life and that of her unborn child. And we also have Officer Concha's testimony that a truck driven in such a manner is a deadly weapon capable of causing serious bodily injury or death. We find that the evidence is legally and factually sufficient to support the conviction.[8]

In Issue Four, Golphin claimed the trial court erred by denying his motion for mistrial on two occasions after Salas referred to Golphin using and dealing drugs. The Eighth Court of Appeals noted that the defense elicited the complained-of responses. Moreover, it explained Golphin failed to object to the responses which clearly implied his drug use. Accordingly, it found that Golphin had not preserved this issue on appeal. In Issue Five, Golphin argued that as the trial court did not enter an affirmative deadly weapon finding, he should not be required to serve half of his sentence before he became eligible for parole. The Eighth Court of Appeals overruled this objection, reasoning the judgment and sentence already reflected that the jury had found he did

---

[8] *Golphin*, 2006 WL 3234098 at *3.

not use or exhibit a deadly weapon. Accordingly, the Eighth Court of Appeals affirmed the trial court's judgment.

Golphin filed a state application for a writ of habeas corpus collaterally attacking his conviction. He claimed his attorney provided ineffective assistance, the trial court's charge was defective and incomplete because it did not included a lesser-included offense instruction, the trial court abused its discretion when it accepted the contradictory jury verdict, jury misconduct denied him a fair and impartial trial, and the State failed to prove all the elements of the offense. The Texas Court of Criminal Appeals denied the application without written order.[9] This proceeding followed.

In his instant petition, Rodriguez asserts four ground for relief. First, he claims the State failed to prove all elements of the offense beyond a reasonable doubt. Second he maintains the trial court provided an erroneous and incomplete jury charge. Third, he declares the jury did not follow the trial court's instructions. Fourth, he argues his counsel provided ineffective assistance when he failed to object to the incomplete jury charge and he failed to request an instruction on the lesser-included offense.

## LEGAL STANDARD

"[C]ollateral review is different from direct review,"[10] and the writ of habeas corpus is "an extraordinary remedy"[11] reserved for those petitioners whom "society has grievously

---

[9]     *Ex parte Golphin*, WR-51,064-03 (Tex. Crim. App. Mar. 19, 2008).

[10]     *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993).

[11]     *Id.*

wronged."[12]  It "is designed to guard against extreme malfunctions in the state criminal justice system."[13]  Thus, the federal habeas courts' role in reviewing state prisoner petitions is exceedingly narrow.  "Indeed, federal courts do not sit as courts of appeal and error for state court convictions."[14]  They must generally defer to state court decisions on the merits[15] and on procedural grounds.[16]  They may not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present.[17]  They should also be mindful of the significant social costs, including the time and expense involved in retrying a criminal case.[18]  Accordingly, a federal court should deny a claim decided by a state court on the merits unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.[19]

---

[12]     *Id.* at 634.

[13]     *Id.* (citing Justice Stevens's concurrence in *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

[14]     *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

[15]     *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

[16]     *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

[17]     *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

[18]     *Brecht*, 507 U.S. at 637.

[19]     28 U.S.C. § 2254(d) (West 2009).

The "contrary to" and "unreasonable application" clauses have independent meanings.[20] A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts.[21] A court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions, but unreasonably applies it to the facts of the particular case.[22] The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable.[23]

A state court's determination of underlying factual issues is presumed correct, and a petitioner has the burden to rebut the presumption with clear and convincing evidence.[24] Mere disagreement with a state court is not enough; the standard is one of objective reasonableness.[25]

With these principles in mind, the Court turns to Golphin's claims.

### ANALYSIS

*A.    Sufficiency of the Evidence*

Golphin asserts "[t]he State failed to prove beyond a reasonable doubt each and every fact necessary to constitute the crime for which Petitioner was charged and convicted of, being

---

[20]    *Williams v. Taylor*, 529 U.S. 362, 404-405 (2000).

[21]    *Id.* at 405-406.

[22]    *Id.* at 407-408; *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000).

[23]    *Williams*, 529 U.S. at 409-10.

[24]    28 U.S.C. § 2254(e)(1).

[25]    *Montoya*, 226 F.3d at 404.

Aggravated Assault, Count I."[26]  In support of this claim, he argues the jury's finding that he did

not use or exhibit a deadly weapon "clearly shows the jurors had a reasonable doubt" as to

whether he was guilty of an aggravated assault.[27]  Thus, as a matter of law, he maintains he is

"entitled to an acquittal."[28]

Under Texas law, a person commits an assault by intentionally, knowingly, or recklessly

causing bodily injury to another.[29]  An assault becomes an aggravated assault when a person uses

or exhibits a deadly weapon during its commission.[30]  A deadly weapon is "anything that in the

manner of its use or intended use is capable of causing death or serious bodily injury."[31]  Serious

bodily injury is defined as "bodily injury that creates a substantial risk of death or that causes

death, serious permanent disfigurement, or protracted loss or impairment of the function of any

bodily member or organ."[32]

In this case, the jury found Golphin guilty of aggravated assault.  The jury also found,

however, that Golphin did not use or exhibit a deadly weapon during the commission of the

offense.

---

[26]     Mem. in Supp. 3 [Docket No. 6-7].

[27]     *Id*. at 3-4.

[28]     *Id*. at 4 (citing *Burks v. United States*, 437 U.S. 1, 16 (1978) ("Since we
necessarily afford absolute finality to a jury's verdict of acquittal-no matter how
erroneous its decision-it is difficult to conceive how society has any greater
interest in retrying a defendant when, on review, it is decided as a matter of law
that the jury could not properly have returned a verdict of guilty.").

[29]     TEX. PEN. CODE ANN. § 22.01(a)(1) (Vernon 2003).

[30]     *Id*. at § 22.02(a)(2).

[31]     *Id*. at § 1.07(a)(17)(B) (Vernon 2003 & Supp. 2004).

[32]     *Id*. at § 1.07(a)(46).

The Eighth Court of Appeals, citing Supreme Court precedent,[33] explained in its opinion affirming Golphin's conviction that "[i]nconsistent verdicts do not necessarily require reversal for legal insufficiency."[34] In such situations, reviewing courts must determine "whether there is sufficient evidence to support the charge on which a conviction is returned."[35] The Eighth Court of Appeals then examined the evidence and found it was "legally and factually sufficient to support the conviction."[36]

Where one reasoned state judgment rejects a claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground.[37] Because the Texas Court of Criminal Appeals refused Golphin's petition for discretionary review and denied his state habeas application, its decisions must have rested on the same ground.[38] Moreover, as a matter of law, a denial of relief by the Court of Criminal Appeals serves as an adjudication on the merits of a habeas claim.[39] Thus, in order for Golphin to obtain relief in this Court based on his argument that, as a matter of law, the jury's inconsistent findings shows the

---

[33]     *Golphin*, 2006 WL 3234098 at *3 (citing *Dunn v. United States*, 284 U.S. 390, 393-94 (1932)).

[34]     *Id..*

[35]     *Id.*

[36]     *Id.*

[37]     *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

[38]     *Id.*

[39]     *See Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir.) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App.1997)), *cert. denied*, 531 U.S. 849 (2000); *see also Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999) (noting that, under Texas law, a denial of relief rather than a dismissal of the claim by the Texas Court of Criminal Appeals disposes of the merits of a claim).

jurors had a reasonable doubt as to his guilt and he is accordingly entitled to relief, he must show that the Court of Criminal Appeals' adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court.[40]

The Supreme Court has said, however, that "where truly inconsistent verdicts have been reached, '[t]he most that can be said . . . is that the verdict shows that either in the acquittal or the conviction the jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant's guilt.'"[41] The Supreme Court has explained:

> Inconsistent verdicts . . . present a situation where "error," in the sense that the jury has not followed the court's instructions, most certainly has occurred, but it is unclear whose ox has been gored. Given this uncertainty, and the fact that the Government is precluded from challenging the acquittal, it is hardly satisfactory to allow the defendant to receive a new trial on the conviction as a matter of course. . . . [N]othing in the Constitution would require such a protection. . . . For us, the possibility that the inconsistent verdicts may favor the criminal defendant as well as the Government militates against review of such convictions at the defendant's behest.[42]

Accordingly, Golphin has not demonstrated that the Court of Criminal Appeals' decision rejecting his argument was contrary to or involved an unreasonable application of clearly

---

[40]    28 U.S.C. § 2254(d).

[41]    *United States v. Powell*, 469 U.S. 57, 64-65 (1984) (quoting *Dunn*, 284 U.S. at 393).

[42]    *Id.* at 65; *see also United States v. Agofsky*, 516 F.3d 280, 283 (5th Cir.), *cert. denied*, *Agofsky v. United States*, 129 S. Ct. 64 (2008) ("The Supreme Court held that consistency in verdicts is not necessary, writing that it 'is possible' that 'the verdict may have been the result of compromise, or of a mistake on the part of the jury . . . . But verdicts cannot be upset by speculation or inquiry into such matters.").

established Supreme Court precedent.[43]  It follows that Golphin is not entitled to habeas corpus relief on this issue.

Additionally, when reviewing the legal sufficiency of the evidence, a federal district court must view the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[44]  All credibility choices and conflicts in the evidence are resolved in favor of the verdict.[45]  The question on federal habeas review is not whether the state court complied with all the nuances of state law or if the state court failed to enforce a purely state rule; the question is whether the evidence is constitutionally sufficient to support the conviction.[46]  This means that the evidence need merely satisfy the "'substantive elements of the criminal offense as defined by state law.'"[47]  Moreover, a federal habeas court will give a state court's factual findings great deference.[48]  Factual determinations by state courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned unless it is objectively unreasonable in

---

[43]     28 U.S.C. § 2254(d).

[44]     *Jackson*, 443 U.S. at 319.

[45]     *United States v. Graves*, 669 F.2d 964, 969 (5th Cir. 1982).

[46]     *Brown v. Collins*, 937 F.2d 175, 181 (5th Cir. 1991).

[47]     *Id.*

[48]     *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).

light of the evidence presented in the state court proceeding.[49]   Accordingly, the petitioner has the

burden of rebutting the presumption of correctness by clear and convincing evidence.[50]

The Eighth Court of Appeals concluded, after reviewing the record, that the evidence was

"legally and factually sufficient to support the conviction."[51]   The appellate court reasoned:

> Appellant . . . accelerated his truck towards Salas.  She ran out of the way and
> Appellant collided with another car.  Salas testified that she was in fear for
> her life and that of her unborn child.   And we also have Officer Concha's
> testimony that a truck driven in such a manner is a deadly weapon capable of
> causing serious bodily injury or death.[52]

Given the evidence recited by the Eighth Court of Appeals, evidence that is taken in the

light most favorable to the prosecution, a reasonable jury could have found the existence of facts

necessary to establish, beyond a reasonable doubt, that Golphin used his truck in a manner

capable of causing serious bodily injury to Salas.  Accordingly, the evidence was legally

sufficient to support his aggravated assault conviction and no relief is available to him on this

claim.[53]

Finally, factual insufficiency is strictly a creation of Texas state law under which a state

appellate court may examine the fact-finder's weighing of the evidence.[54]   "A federal habeas

court, however, grants relief when the petitioner is held 'in custody pursuant to the judgment of a

State court only on the ground that he is in custody in violation of the Constitution or laws or

---

[49]     28 U.S.C. § 2254(d)(2), (e).

[50]     *Id*. at § 2254(e)(1).

[51]     *Golphin*, 2006 WL 3234098 at *3.

[52]     *Id*.

[53]     28 U.S.C. § 2254(d)(2).

[54]     *Clewis v. State*, 922 S.W.2d 126, 133-34 (Tex. Crim. App. 1996).

treaties of the United States.'"[55]  As Golphin's claim of factual insufficiency is based entirely on

Texas law, it does not support a claim for relief under federal habeas law.[56]  Golphin's factual

insufficiency claim is therefore not cognizable on federal habeas corpus review.[57]

B.      *Jury Charge*

Golphin alleges the jury charge was erroneous and incomplete because it did not have a

lesser-included offense instruction for misdemeanor assault.  He concedes "[t]he evidence of a

misdemeanor assault (slapping incidents) is well documented" but argues the "testimony negates

and refutes the greater offense of aggravated assault."[58]

> [T]he Court's charge in this case should have instructed the jury on a lesser
> included offense, giving them that third option instead of forcing them into
> an all out Guilty Verdict or an all out Acquittal when in fact the jury was
> convinced Petitioner had committed a crime but not the greater crime of
> Aggravated Assault with a deadly weapon.[59]

An improper jury instruction violates a defendant's constitutional rights if the instruction

"by itself so infected the entire trial that the resulting conviction violates due process."[60]  In order

to obtain federal habeas corpus relief, a petitioner must establish that the erroneous instruction

---

[55]      *Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir. 1993).

[56]      *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the
          province of a federal habeas court to reexamine state-court determinations on
          state-law questions.  In conducting habeas review, a federal court is limited to
          deciding whether a conviction violated the Constitution, laws, or treaties of the
          United States.").

[57]      *Woods v. Cockrell*, 307 F.3d 353, 358 (5th Cir. 2002).

[58]      Mem. in Supp. 7 [Docket No. 6-7].

[59]      *Id.* at 8.

[60]      *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414
          U.S. 141, 147 (1973)).

was so prejudicial that it negatively affected the outcome of the trial.[61]  "The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack on the constitutional validity of a state court's judgment is even greater than the showing required to establish plain error on direct appeal."[62]  In a collateral proceeding the question is "not merely whether 'the instruction is undesirable, erroneous, or even universally condemned,'" but "'whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process.'"[63]  Given this standard, it is rare that an improper jury instruction will warrant the reversal of a criminal conviction; it is even more rare that an improper jury instruction will warrant the reversal of a criminal conviction if an objection to the allegedly improper instruction was not made in the trial court.[64]  Finally, "[a]n omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law."[65] Accordingly, the Fifth Circuit Court of Appeals has repeatedly made it clear that a state trial court judge's failure to instruct on a lesser-included offense is not a federal constitutional matter.[66]

---

[61]     *Tarpley v. Estelle*, 703 F.2d 157, 159 (5th Cir.), *cert. denied*, 464 U.S. 1002 (1983).

[62]     *Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).

[63]     *Id*.

[64]     *Id*.

[65]     *Id*. at 155.

[66]     *Creel v. Johnson*, 162 F.3d 385, 390 (5th Cir. 1998); *Valles v. Lynaugh*, 835 F.2d 126, 127 (5th Cir. 1988); *Alexander v. McCotter*, 775 F.2d 595, 601 (5th Cir. 1985); *Easter v. Estelle*, 609 F.2d 756, 758 (5th Cir. 1980).

In this case, the State presented legally sufficient evidence to support Golphin's aggravated assault conviction. Golphin has not shown the omission of an instruction on a lesser-included offense, by itself, so infected the entire trial that the resulting conviction violated due process. Thus, he has not stated a basis for habeas corpus relief.

C.      *Failure to Follow Instructions*

Golphin claims the jury engaged in misconduct because it answered the deadly weapon special issue in the negative, yet still found him guilty of aggravated assault with a deadly weapon.[67] "The Jury clearly did not follow the court[']s instructions."[68]

The Texas Court of Criminal Appeals, in denying Golphin relief, made a merits determination on this issue. "The general rule in this circuit, as elsewhere, is that the jury is free to render verdicts which 'are inconsistent or even the result of mistake or compromise.'"[69] "[T]he best course to take is simply to insulate jury verdicts from review on this ground."[70] Golphin presents nothing showing that the Court of Criminal Appeals' decision was contrary to or an unreasonable application of Supreme Court precedent. Rather, as discussed above, it is clear that the decision was in accord with such precedent. As such, Golphin is not entitled to relief on this claim.

D.      *Ineffective Assistance of Counsel*

---

[67]      Pet. 7 [Docket No. 6-6].

[68]      *Id.*

[69]      *Stewart v. Blackburn*, 746 F.2d 262, 264 (5th Cir. 1984) (quoting *United States v. Lichenstein*, 610 F.2d 1272, 1279 (5th Cir. 1980)).

[70]      *United States v. Powell*, 469 U.S. 57, 69 (1984).

-16-

Golphin maintains his trial counsel provided ineffective assistance when he failed to object to the incomplete jury charge and failed to request an instruction on the lesser-included offense of simple assault.[71] According to Golphin, "there was overwhelming evidence of a simple assault presented all threw [sic] trial so as to mandate instruction [on] a lesser offense."[72]

The Constitution's Sixth Amendment guarantees an accused the right to the assistance of counsel for his defense in all criminal prosecutions.[73] Moreover, "the right to counsel is the right to the effective assistance of counsel."[74] To merit relief on an ineffective assistance of counsel claim, a petitioner must demonstrate both (1) his "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense."[75] A failure to establish either prong of this test requires a finding that counsel's performance was constitutionally effective.[76]

The test's performance prong centers on whether counsel's assistance was reasonable, considering all the circumstances at the time of counsel's conduct.[77] In order to obtain relief, a

---

[71]     Pet. 8 [Docket No. 6-6].

[72]     *Id.*

[73]     U.S. CONST. amend. VI.

[74]     *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970).

[75]     *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review).

[76]     *See Strickland*, 466 U.S. at 687 ("Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

[77]     *See Strickland*, 466 U.S. at 688 ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms.").

petitioner must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."[78]  In assessing whether a particular counsel's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"[79]

A deficiency in counsel's performance, even if professionally unreasonable, does not equal ineffective assistance of counsel; the petitioner must also demonstrate actual prejudice.[80] The test's prejudice prong requires the petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."[81]

Because these claims turn on state rather than federal law, Golphin must show that he was entitled to a lesser-included offense instruction pursuant to state law.[82]  The Texas Court of

---

[78]  *Id*. at 687.

[79]  *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

[80]  *See id*. at 691-92 ("The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution.").

[81]  *Id*. at 694.

[82]  *See Hill v. Black*, 932 F.2d 369, 374 (5th Cir. 1991) ("Where, as here, a claim turns on an application of state law rather than federal law, this court must give deference to the articulation by the state's highest court of how the state law applies to the facts of the case.")

Criminal Appeals has held that simple assault is not always a lesser-included offense of aggravated assault.[83] It has explained, "[a] defendant is entitled to a lesser-included offense instruction in the jury charge if (1) the requested charge is a lesser-included offense of the offense charged, and (2) there is some evidence that if the defendant is guilty, he is guilty only of the lesser offense."[84]

Here, the grand jury alleged in the indictment that Golphin "did . . . intentionally and knowingly threaten NORMA SALAS with imminent bodily injury and did . . . use and exhibit a deadly weapon during the commission of said assault, to-wit: a motor vehicle."[85] Golphin now claims he was entitled to a lesser-included offense instruction for simple assault based on evidence that he slapped Salas in the face with his hand. The indictment, however, did not allege or suggest that Golphin had slapped Salas. Thus, according to state law, this misconduct was not a lesser-included offense of the charged offense. Further, the Eighth Court of Appeals concluded, after reviewing the record, that the evidence was "legally and factually sufficient to support the [aggravated assault] conviction."[86] Because Golphin was not entitled to a lesser-included offense instruction under state law, his trial counsel's performance was not constitutionally deficient when he failed to request the instruction.

Moreover, Golphin's attorney argued that Salas's testimony lacked credibility. Had the attorney requested a lesser-included offense instruction, he would have impliedly conceded that

---

[83]    *Irving v. State*, 176 S.W.3d 842 (Tex. Crim. App. 2005).

[84]    *Id.*

[85]    State Writ R. 1 (Re-Indictment).

[86]    *Golphin*, 2006 WL 3234098 at *3.

Golphin had assaulted Salas. Therefore, his omission was arguably a sound trial strategy.[87]

Golphin has not, through his conclusory assertions of ineffective assistance, overcome the strong

presumption that his counsel's conduct falls within the wide range of reasonable professional

assistance. Accordingly, he is not entitled to relief on this claim.

## EVIDENTIARY HEARING

If a petitioner fails to develop a factual basis for a claim in state court, a federal habeas

court should not conduct an evidentiary hearing on the claim unless (1) the petitioner has shown

that the claim relies on a new, retroactive rule of constitutional law that was previously

unavailable;[88] or (2) the claim relies on a factual basis that could not have been previously

discovered by exercise of due diligence,[89] and the facts underlying the claim show by clear and

convincing evidence that, but for the constitutional error, no reasonable jury would have

convicted the petitioner.[90] The record in this case is adequate to dispose fully and fairly of

Golphin's allegations. The Court need inquire no further on collateral review, and an evidentiary

hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

The Antiterrorism and Effective Death Penalty Act requires a certificate of appealability

before an appeal may proceed in this matter.[91] "This is a jurisdictional prerequisite because the

---

[87] *Turner v. Johnson* 106 F.3d 1178, 1187 & n.40 (5th Cir. 1997).

[88] 28 U.S.C. § 2254(e)(2)(A)(i).

[89] *Id*. at § 2254(e)(2)(A)(ii).

[90] *Id*. at § 2254(e)(2)(B).

[91] 28 U.S.C. § 2253 (West 2009); *see Hallmark v. Johnson*, 118 F.3d 1073,1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. §§ 2254 or 2255 require a certificate of appealability).

statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.'"[92]

A justice or judge will not issue a certificate of appealability unless the petitioner makes "a substantial showing of the denial of a constitutional right."[93] This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[94] Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[95] On the other hand, when the Court denies relief based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."[96]

A district court may deny a certificate of appealability *sua sponte* without requiring further briefing or argument.[97] After considering Golphin's petition and the record, the Court concludes that reasonable jurists would not find the Court's procedural or substantive rulings debatable; therefore, the Court will not issue a certificate of appealability from its decision.

## CONCLUSION AND ORDERS

---

[92]     *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

[93]     28 U.S.C. § 2253(c)(2).

[94]     *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotations and citations omitted).

[95]     *Id.*; *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).

[96]     *Beasley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484).

[97]     *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

After carefully reviewing the petition and record in this cause, the Court finds the decisions of the Texas courts were not contrary to, or did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, the Court concludes Golphin is not entitled to § 2254 relief. Accordingly, the Court enters the following orders:

1. The Court **DENIES** Petitioner Martin Lorenzo Golphin's petition for a writ of habeas corpus by a person in state custody brought pursuant to 28 U.S.C. § 2254 and **DISMISSES** his civil cause **WITH PREJUDICE**.

2. The Court **DENIES** Petitioner Martin Lorenzo Golphin a **CERTIFICATE OF APPEALABILITY**.

3. The Court additionally **DENIES AS MOOT** all pending motions, if any, in this cause.

**SO ORDERED.**

**SIGNED** this 2nd **day of December 2009**.

KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE